ATTORNEYS FOR APPELLANT
Bryan H. Babb
Indianapolis, Indiana

Peter A. Schroeder
Indianapolis, Indiana

ATTORNEYS FOR AMICI CURIAE
PROFESSOR WILLIAM HENDERSON,
INDIANA UNIVERSITY, MAURER SCHOOL
OF LAW, AND GROUP OF INTERESTED
LAW FIRMS
Julia Blackwell Gelinas
Maggie L. Smith
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES
James R. Fisher
Debra H. Miller
Indianapolis, Indiana



FILED
Apr 08 2015, 10:18 am

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

_____

No. 29S02-1504-PL-165

COHEN & MALAD, LLP,

*Appellant (Plaintiff/Counterclaim
Defendant below),*

v.

JOHN P. DALY, JR., GOLITKO & DALY, P.C.,
AND GOLITKO LEGAL GROUP, P.C.,

*Appellees (Defendants/Counterclaim
Plaintiffs below).*

_____

Appeal from the Hamilton Superior Court, No. 29D03-1105-PL-6478
The Honorable William J. Hughes, Judge

_____

On Petition To Transfer from the Indiana Court of Appeals, No. 29A02-1308-PL-741

_____

**April 8, 2015**

**Per Curiam.**

The law firm Cohen & Malad, LLP ("C & M"), filed a quantum meruit claim for part of the contingent fees earned in cases that were handled first by C & M attorneys (including John P. Daly, Jr., when employed there as an associate) and later by Daly and his law firm after he left C & M. The trial court found that C & M attorneys – including Daly while employed there – worked a substantial number of hours on those cases and that most of those cases generated attorney fees. The court nevertheless denied C & M quantum meruit relief because it found Daly was not unjustly enriched where: (1) the client in each case at issue chose to continue with Daly when he left C & M, (2) C & M and Daly had no agreement about what would happen if they parted ways, (3) their employment agreement had no provision for file ownership and lacked a non-competition covenant, and (4) C & M made a "very shrewd deal" for Daly's services when it employed him on a salary basis, and C & M was "very well compensated" for Daly's time at C & M, as shown by the amount of fees Daly helped C & M generate on other cases while he worked there. (App. at 32-33.) C & M appealed. Citing the four enumerated findings above, the Court of Appeals affirmed, over Judge Crone's dissent. Cohen & Malad, LLP v. Daly, 17 N.E.3d 940 (Ind. Ct. App. 2014). We grant transfer.

Absent agreement otherwise, "a lawyer retained under a contingent fee contract but discharged prior to the contingency is entitled to recover the value of services rendered if there is a subsequent settlement or award[,]" and in that case, "the fee is to be measured by the proportion of the total fee equal to the contribution of the discharged lawyer's efforts to the ultimate result[.]" Galanis v. Lyons & Truitt, 715 N.E.2d 858, 860 (Ind. 1999). The trial court's findings of fact and conclusions of law do not acknowledge Galanis or apply its standards. Accordingly, we reverse and remand with instructions to determine, in accordance with Galanis, what proportional contributions toward the results in the cases at issue were made by attorneys working for C & M, and to enter a corresponding judgment in C & M's favor. We summarily affirm the part of the Court of Appeals opinion addressing whether C & M should have sued its former clients to recover attorney fees from them. *See* Ind. Appellate Rule 58(A)(2).

All Justices concur.

2